[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-11064
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 26, 2008
THOMAS K. KAHN
CLERK

BIA Nos. A98-674-041 & A98-614-042

GLADYS GARCIA GARCIA,
FERNANDO UCHIMA NIETO,
DAVID ALBERTO UCHIMA GARCIA,
SANTIAGO UCHIMA GARCIA,

                                        Petitioners,

                    versus

U.S. ATTORNEY GENERAL,

                                        Respondent.

----------------------------------------------------------------

Petition for Review of a Decision of the
Board of Immigration Appeals

----------------------------------------------------------------

**(February 26, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and BARKETT, Circuit
Judges.

PER CURIAM:

Gladys Garcia Garcia ("Garcia"), a native and citizen of Colombia, petitions for review of the affirmance by the Board of Immigration Appeals ("BIA") of the decision of the immigration judge ("IJ").[1] The decision denied asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[2] No reversible error has been shown; we dismiss the petition in part and deny it in part.

We review only the decision of the BIA, except to the extent that it expressly adopts the opinion of the IJ. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. We review factual determinations -- including the determination that an alien is unentitled to withholding of removal -- under the substantial evidence test. Mazariegos v. U.S. Attorney Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "Under this highly deferential test, we affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the

---

[1] Garcia included her husband and children as derivatives in her asylum application. But as will be discussed, we only consider Garcia's withholding of removal claim; and "there are no derivative benefits associated with a grant of withholding of removal." Delgado v. U.S. Attorney Gen., 487 F.3d 855, 862 (11th Cir. 2007).

[2] On appeal, Garcia does not offer argument on the denial of CAT relief; therefore, this claim is abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons issue by failing to offer argument on that issue).

record considered as a whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation and alteration omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

We address Garcia's asylum claim first. The IJ determined that Garcia's asylum application was untimely and that extraordinary circumstances did not excuse the untimely filing.[3] The government asserts that we lack jurisdiction to review the determination that Garcia was ineligible for asylum.

We review "questions of subject matter jurisdiction de novo." Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). An asylum application must be "filed within [one] year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An untimely application "may be considered . . . if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ." 8 U.S.C. § 1158(a)(2)(D). But the determination of whether an alien can apply for asylum is left exclusively to the Attorney General; so we do not have jurisdiction to review a

---

[3]Garcia entered the United States in 2000; but she did not file her asylum application until 2004.

decision about whether an alien complied with the one-year time limit or established circumstances that would excuse her untimely filing. <u>Chacon-Botero v. U.S. Attorney Gen.</u>, 427 F.3d 954, 957 (11th Cir. 2005).

Therefore, we do not have jurisdiction to review the IJ's determination that Garcia's asylum application was untimely. We also lack jurisdiction to review the IJ's determination on whether extraordinary circumstances excused the untimely filing. <u>Id.</u> We dismiss Garcia's petition for review on her asylum claim.

We now address Garcia's withholding of removal claim. An alien seeking withholding of removal must show that her life or freedom would be threatened "because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." <u>See</u> 8 U.S.C. § 1231(b)(3)(A). Therefore, an alien bears the burden of demonstrating that she more-likely-than-not would be persecuted or tortured upon return to her country of nationality.[4] <u>Mendoza</u>, 327 F.3d at 1287.

---

[4]If the alien establishes past persecution in her country based on a protected ground, it is presumed that her life or freedom would be threatened upon return to that country unless the government shows by a preponderance of evidence that, among other things, (1) the country's conditions have changed such that the alien's life or freedom would no longer be threatened; or (2) it would be reasonable for the alien to relocate to another part of the country. <u>Mendoza</u>, 327 F.3d at 1287. An alien who has not shown past persecution may be entitled to withholding of removal if she can demonstrate a future threat to her life or freedom on a protected ground. <u>See</u> 8 C.F.R. § 208.16(b)(2).

Garcia argues that she has established past persecution based on a protected ground because she was threatened repeatedly by the Revolutionary Armed Forces of Colombia ("FARC") over the telephone and, on one occasion, was detained by the FARC for a few hours. Garcia, who testified that she was a member of Colombia's Conservative Party, contends that the FARC's acts were the result of her participation in health brigades in Colombia and her refusal to comply with the FARC's demands for medical assistance.

Substantial evidence supports the conclusion that Garcia failed to meet her burden of establishing eligibility for withholding of removal. Even if we were to assume that Garcia's past mistreatment was based on a protected ground, this mistreatment does not rise to the level of persecution. See Zheng v. U.S. Attorney Gen., 451 F.3d 1287, 1290 (11th Cir. 2006) (concluding that five-day detention "during which [the petitioner] was not harmed does not compel the conclusion that he experienced past persecution"); Sepulveda, 401 F.3d at 1231 (explaining that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation" and that "mere harassment does not amount to persecution") (internal quotation omitted). Therefore, the record does not compel the conclusion that Garcia more-likely-than-not would face persecution in

5

Colombia on account of a protected ground. We deny Garcia's petition on her withholding of removal claim.

**PETITION DISMISSED IN PART, DENIED IN PART.**